IN RE APPLICATION FOR DISCIPLINE OF
WALLACE C. ODELL.

207 N. W. 2d 528.

May 11, 1973—No. 44165.

*R. B. Reavill,* Administrative Director on Professional Conduct, for petitioner.

*Van Valkenburg, Comaford, Moss, Fassett, Flaherty & Clarkson* and *Horace Van Valkenburg,* for respondent.

PER CURIAM.

On January 12, 1973, a petition was filed by the administrative director on professional conduct charging respondent, Wallace C. Odell, with 18 counts of neglect in handling legal affairs entrusted to him as an attorney at law. Respondent filed an answer explaining the reasons for his neglect in handling these affairs. Thereafter, pursuant to negotiations between the administrative director and respondent, a stipulation was entered into wherein respondent admits the truth of the allegations in the petition and agrees to the request of petitioner that he be indefinitely suspended from practicing law in Minnesota.

Respondent is 48 years of age, married, and resides with his family at 133 Chevy Chase Drive, Wayzata, Minnesota. He is a graduate of the University of Minnesota Law School and has, since January 5, 1951, been licensed to practice law in this state. For a number of years following his admission to practice he practiced law in Chaska, Minnesota, and during the last several years he has practiced in Excelsior, Minnesota.

The petitioning administrative director on professional conduct states to the court that respondent has been faced with a number of severe personal problems of such a nature as to interfere with his practice of law. His investigation discloses that respondent is a lawyer of

ability and integrity and that he has not been guilty of any misconduct involving dishonesty or fraud or any conduct involving moral turpitude and that his personal life is beyond reproach.

It would be useless to set forth the charges of professional misconduct alleged in the petition. Suffice it to say that they all deal with failure to close estates or guardianships entrusted to respondent, resulting in the accumulation of liabilities largely for surety-bond premiums. There is no allegation in the petition, nor has any evidence been found in the investigation by the administrative director, of any fraud or misappropriation of clients' funds.

By the stipulation entered into, respondent agrees that for the purposes of the action taken by this court the facts contained in the allegations of the petition filed herein are admitted and have the same force and effect as if they were found by a referee of the Supreme Court after a hearing.

On the basis of the stipulation entered into between the parties, respondent is hereby indefinitely suspended from the practice of law, with leave to apply for reinstatement upon a showing satisfactory to the court that the personal problems with which he is now faced have been solved and that he is otherwise fully qualified to practice law.