In the Matter of the Application For the DISCIPLINE OF Robert V. BRASETH, an Attorney at Law of the State of Minnesota.

No. C3-83-1898.

Supreme Court of Minnesota.

July 27, 1984.

Richard J. Harden, St. Paul, for appellant.

Robert V. Braseth, Cape Coral, Fla., for respondent.

PER CURIAM.

A petition alleging several instances of professional misconduct was caused to be served upon respondent Robert V. Braseth by the Dicector of Lawyers Professional Responsibility. Respondent failed to timely serve and file answers to the petition; therefore, the allegations of the petition are deemed admitted. Minn.R.Law.Prof. Resp. 13(c). By order dated May 7, 1984, a

hearing was set before this court for the purpose of considering the appropriate discipline to be imposed. Following the hearing, we conclude respondent should be indefinitely suspended from the practice of law with conditions for reinstatement.

Joe Whelan died December 10, 1978. Shortly thereafter, respondent was retained to probate the Whelan estate. Respondent neglectfully failed to file timely federal estate and Minnesota state inheritance tax returns for the estate. As a result, the estate incurred penalties and interest totalling almost $15,000, which had to be paid by the heirs of the estate. Respondent's neglect of the Whelan estate matter violated Minn.Code Prof.Resp. DR 6–101(A)(3) and DR 7–101(A)(2) and (3).

Respondent was retained to probate the Mamie Norsen estate in 1978. After appointment of the personal representative, respondent neglected to close the estate. After 4 years had elapsed, the representative retained another attorney to close the estate; but respondent not only refused to turn over the estate file, he also filed in probate court a petition to have the representative removed and a successor representative appointed. In so doing, he disclosed confidences and secrets that he had learned from the representative and intentionally set out to damage her. The probate court denied respondent's motion and ordered him to deliver the documents pertaining to the Norsen estate to the successor attorney. Respondent's neglect of the Norsen estate violated Minn.Code Prof. Resp. DR 6–101(A)(3) and DR 7–101(A)(2). His refusal to return the estate file on request violated Minn.Code Prof.Resp. DR 9–102(B)(4) and DR 2–110(A)(2) and Opinion 11 of the Lawyers Professional Responsibility Board. The filing of the petition to remove the representative in which he revealed her confidences and secrets violated Minn.Code Prof.Resp. DR 7–101(A)(3) and DR 4–101(B).

In 1978 Robert and Rose Scott purchased land from the Norsen estate on a contract for deed. Respondent failed to timely close the deal. Two years later, the Scotts for-

warded the balance due to respondent. Respondent failed to inform the personal representative of receipt of the same and failed to deposit the money into an estate bank account. It was only after respondent was removed as attorney for the personal representative of the Norsen estate that the Scott sale was closed. Respondent's failure to timely complete the real estate transaction violated Minn.Code Prof. Resp. DR 6–101(A)(3) and DR 7–101(A)(2).

In 1974 respondent was retained to probate the estate of Agnes Leahy and George Leahy. Respondent's 3-year delay in making distribution to the Agnes Leahy heirs and 2-year delay in making distribution to the George Leahy heirs prejudiced the heirs of both estates and violated Minn. Code Prof.Resp. DR 6–101(A)(3) and DR 7–101(A)(2).

In 1975 Virginia Bigelow retained respondent to obtain proceeds of a life insurance policy insuring her husband's life. Respondent failed to settle the claim and failed to institute suit despite repeated requests to do so by Mrs. Bigelow. Finally, 7 years later Mrs. Bigelow retained another attorney to pursue the claim. Respondent refused and failed to surrender the file to Mrs. Bigelow. Respondent's neglect of this claim violated Minn.Code Prof.Resp. DR 6–101(A)(3) and DR 7–101(A)(2).

This court has long considered neglect in probating estates as serious professional misconduct. We have disbarred attorneys for persistent neglect of probating estates. *In re Streater*, 262 Minn. 538, 115°N.W.2d 729 (1962); *In re Gennow*, 206 Minn. 389, 289 N.W. 887 (1939). We have likewise indefinitely suspended attorneys for probate neglect. *In re Johnson*, 312 N.W.2d 676 (Minn.1981); *In re Odell*, 296 Minn. 514, 207 N.W.2d 528 (1973).

From the facts deemed admitted, it is clear that respondent's neglect of these matters resulted in damages to his clients. No evidence has been presented to this court by way of justification or mitigation. As such, the continued, pervasive, and serious neglect of these matters warrants severe discipline. Accordingly, we indefinite-

ly suspend respondent Robert V. Braseth from the practice of law, provided, however, that he may petition for reinstatement after 2 years from the date of this opinion, and provided further, that he has made restitution to clients damaged by his neglect, together with interest at the legal rate to the date of reimbursement. If restitution in full has not been made within 3 years from the date of this opinion, or if this court has not been informed that restitution has been made, respondent will, at that time, be automatically disbarred. In addition and immediately, respondent shall pay to the Lawyers Professional Responsibility Board costs in the amount of $500. Minn.R.Law.Prof.Resp. 24(a).